1   Patrick F. Bright (State Bar No. 68709)
    WAGNER, ANDERSON & BRIGHT, PC
2   3541 Ocean View Boulevard
    Glendale, California  91208
3   Tel: (818) 249-9300
    Email: pbright@patentattorney.us
4
    Attorneys For Plaintiff
5   MEGA DISTRIBUTION INT'L, INC.

6   Jennifer Salzman Romano (CSB No. 195953, jromano@crowell.com)
    Laura Schwartz (CSB No. 034172013, LSchwartz@crowell.com)
7   CROWELL & MORING LLP
    515 South Flower St., 40th Floor
8   Los Angeles, CA  90071
    Telephone: 213.622.4750
9   Facsimile: 213.622.2690

10  Frank B. Janoski (Mo. Bar No. 32402) (*Pro Hac Vice* to be filed)
    Eric D. Block (Mo. Bar No. 65789) (*Pro Hac Vice* to be filed)
11  LEWIS RICE LLC
    600 Washington Avenue, Suite 2500
12  St. Louis, MO  63101
    Telephone : 314.444.1307
13  Facsimile :
    Email:  fjanoski@lewisrice.com
14          eblcok@lewisrice.com

15  Attorneys for Defendant
    MATTOON RURAL KING SUPPLY, INC.
16
                    UNITED STATES DISTRICT COURT
17
                    CENTRAL DISTRICT OF CALIFORNIA
18
                         WESTERN DIVISION
19

20
    MEGA DISTRIBUTION INT'L,            Case No. 2:15-CV-03639-DMG(PJWx)
21  INC.,
                                        **AMENDED STIPULATED**
22            Plaintiff,                **PROTECTIVE ORDER**

23       v.

24  MATTOON RURAL KING
    SUPPLY, INC., et al.,
25
              Defendant.
26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601960759.1

1   **1.    A.    PURPOSES AND LIMITATIONS**

2   Discovery in this action is likely to involve production of confidential,
3   proprietary, or private information for which special protection from public
4   disclosure and from use for any purpose other than prosecuting this litigation may
5   be warranted. Accordingly, the parties hereby stipulate to and petition the Court to
6   enter the following Stipulated Protective Order. The parties acknowledge that this
7   Order does not confer blanket protections on all disclosures or responses to
8   discovery and that the protection it affords from public disclosure and use extends
9   only to the limited information or items that are entitled to confidential treatment
10   under the applicable legal principles. The parties further acknowledge, as set forth
11   in Section 12.3, below, that this Stipulated Protective Order does not entitle them to
12   file confidential information under seal; Civil Local Rule 79-5 sets forth the
13   procedures that must be followed and the standards that will be applied when a
14   party seeks permission from the court to file material under seal.

15   **B.    GOOD CAUSE STATEMENT**

16   This action is likely to involve trade secrets, customer and pricing lists and
17   other valuable research, development, commercial, financial, technical and/or
18   proprietary information for which protection from public disclosure and from use
19   for any purpose other than prosecution of this action is warranted. Such confidential
20   and proprietary materials and information may be, among other things, confidential
21   business or financial information, information regarding confidential business
22   practices, sensitive customer information, or other confidential research,
23   development, or commercial information (including information implicating
24   privacy rights of third parties), information otherwise generally unavailable to the
25   public, or which may be privileged or otherwise protected from disclosure under
26   state or federal statutes, court rules, case decisions, or common law. Accordingly, to
27   expedite the flow of information, to facilitate the prompt resolution of disputes over
28   confidentiality of discovery materials, to adequately protect information the parties

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1    are entitled to keep confidential, to ensure that the parties are permitted reasonable

2    necessary uses of such material in preparation for and in the conduct of trial, to

3    address their handling at the end of the litigation, and serve the ends of justice, a

4    protective order for such information is justified in this matter. It is the intent of the

5    parties that information will not be designated as confidential for tactical reasons

6    and that nothing be so designated without a good faith belief that it has been

7    maintained in a confidential, non-public manner, and there is good cause why it

8    should not be part of the public record of this case.

9    **2.     DEFINITIONS**

10        2.1    <u>Action</u>: this pending federal law suit.

11        2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the

12   designation of information or items under this Order.

13        2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

14   how it is generated, stored or maintained) or tangible things that qualify for

15   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

16   the Good Cause Statement.

17        2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as

18   their support staff).

19        2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or

20   items that it produces in disclosures or in responses to discovery as

21   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

22        2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless

23   of the medium or manner in which it is generated, stored, or maintained (including,

24   among other things, testimony, transcripts, and tangible things), that are produced

25   or generated in disclosures or responses to discovery in this matter.

26        2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter

27   pertinent to the litigation who has been retained by a Party or its counsel to serve as

28   an expert witness or as a consultant in this Action.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1  2.8  "HIGHLY CONFIDENTIAL" Information or Items: information

2  (regardless of how it is generated, stored or maintained) or tangible things

3  containing highly sensitive and private customer information or trade secrets that

4  qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified

5  above in the Good Cause Statement.

6  2.9  House Counsel: attorneys who are employees of a party to this Action.

7  House Counsel does not include Outside Counsel of Record or any other outside

8  counsel.

9  2.10  Non-Party: any natural person, partnership, corporation, association, or

10  other legal entity not named as a Party to this action.

11  2.11  Outside Counsel of Record: attorneys who are not employees of a

12  party to this Action but are retained to represent or advise a party to this Action and

13  have appeared in this Action on behalf of that party or are affiliated with a law firm

14  which has appeared on behalf of that party, and includes support staff.

15  2.12  Party: any party to this Action, including all of its officers, directors,

16  employees, consultants, retained experts, and Outside Counsel of Record (and their

17  support staffs).

18  2.13  Producing Party: a Party or Non-Party that produces Disclosure or

19  Discovery Material in this Action.

20  2.14  Professional Vendors: persons or entities that provide litigation

21  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

22  demonstrations, and organizing, storing, or retrieving data in any form or medium)

23  and their employees and subcontractors.

24  2.15  Protected Material: any Disclosure or Discovery Material that is

25  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

26  2.16  Receiving Party: a Party that receives Disclosure or Discovery

27  Material from a Producing Party.

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Order does not govern the use of Protected Material at trial.

**4.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must limit any such designation to specific material that qualifies under this Order. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1  impose unnecessary expenses and burdens on other parties) may expose the
2  Designating Party to sanctions.

3      If it comes to a Designating Party's attention that information or items that it
4  designated for protection do not qualify for protection, that Designating Party must
5  promptly notify all other Parties that it is withdrawing the inapplicable designation.

6      5.2    Manner and Timing of Designations.  Except as otherwise provided in
7  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
8  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
9  under this Order must be clearly so designated before the material is disclosed or
10  produced.

11     Designation in conformity with this Order requires:

12         (a)    for information in documentary form (e.g., paper or electronic
13  documents, but excluding transcripts of depositions or other pretrial or trial
14  proceedings), that the Producing Party affix at a minimum, the legend
15  "CONFIDENTIAL"   or   "HIGHLY   CONFIDENTIAL"   (hereinafter
16  "CONFIDENTIAL legend"), to each page that contains protected material. If
17  only a portion or portions of the material on a page qualifies for protection,
18  the Producing Party also must clearly identify the protected portion(s) (e.g.,
19  by making appropriate markings in the margins).

20         A Party or Non-Party that makes original documents available for
21  inspection need not designate them for protection until after the inspecting
22  Party has indicated which documents it would like copied and produced.
23  During the inspection and before the designation, all of the material made
24  available for inspection shall be deemed "HIGHLY CONFIDENTIAL."
25  After the inspecting Party has identified the documents it wants copied and
26  produced, the Producing Party must determine which documents, or portions
27  thereof, qualify for protection under this Order. Then, before producing the
28  specified documents, the Producing Party must affix the "CONFIDENTIAL

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1    legend" to each page that contains Protected Material. If only a portion or

2    portions of the material on a page qualifies for protection, the Producing

3    Party also must clearly identify the protected portion(s) (e.g., by making

4    appropriate markings in the margins).

5         (b)    for testimony given in depositions that the Designating Party

6    identify the Disclosure or Discovery Material on the record, before the close

7    of the deposition all protected testimony.

8         (c)    for information produced in some form other than documentary

9    and for any other tangible items, that the Producing Party affix in a

10   prominent place on the exterior of the container or containers in which the

11   information is stored the legend "CONFIDENTIAL" or "HIGHLY

12   CONFIDENTIAL." If only a portion or portions of the information warrants

13   protection, the Producing Party, to the extent practicable, shall identify the

14   protected portion(s).

15        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

16   failure to designate qualified information or items does not, standing alone, waive

17   the Designating Party's right to secure protection under this Order for such material.

18   Upon timely correction of a designation, the Receiving Party must make reasonable

19   efforts to assure that the material is treated in accordance with the provisions of this

20   Order.

21   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

22        6.1    Timing of Challenges. Any Party or Non-Party may challenge a

23   designation of confidentiality at any time that is consistent with the Court's

24   Scheduling Order.

25        6.2    Meet and Confer. The Challenging Party shall initiate the dispute

26   resolution process under Local Rule 37.1 et seq.

27        6.3    The burden of persuasion in any such challenge proceeding shall be on

28   the Designating Party. Frivolous challenges, and those made for an improper

CROWELL
& MORING LLP
ATTORNEYS AT LAW

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

2  parties) may expose the Challenging Party to sanctions. Unless the Designating

3  Party has waived or withdrawn the confidentiality designation, all parties shall

4  continue to afford the material in question the level of protection to which it is

5  entitled under the Producing Party's designation until the Court rules on the

6  challenge.

7  **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8       7.1    Basic Principles. A Receiving Party may use Protected Material that is

9  disclosed or produced by another Party or by a Non-Party in connection with this

10  Action only for prosecuting, defending, or attempting to settle this Action. Such

11  Protected Material may be disclosed only to the categories of persons and under the

12  conditions described in this Order. When the Action has been terminated, a

13  Receiving Party must comply with the provisions of section 13 below (FINAL

14  DISPOSITION).

15       Protected Material must be stored and maintained by a Receiving Party at a

16  location and in a secure manner that ensures that access is limited to the persons

17  authorized under this Order.

18       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

19  otherwise ordered by the court or permitted in writing by the Designating Party, a

20  Receiving   Party   may   disclose   any   information   or   item   designated

21  "CONFIDENTIAL" only to:

22       (a)    the Receiving Party's Outside Counsel of Record in this Action,

23       as well as employees of said Outside Counsel of Record to whom it is

24       reasonably necessary to disclose the information for this Action;

25       (b)    the officers, directors, and employees (including House Counsel)

26       of the Receiving Party to whom disclosure is reasonably necessary for this

27       Action;

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will only be permitted to keep such confidential information as part of the deposition transcript but must limit disclosure per the terms of this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1      (a)    the Receiving Party's Outside Counsel of Record in this Action,

2  as well as employees of said Outside Counsel of Record to whom it is

3  reasonably necessary to disclose the information for this Action;

4      (b)    one designated member of House Counsel of the Receiving

5  Party, whose name will be disclosed to the Designating Party and to whom

6  disclosure is reasonably necessary for this Action;

7      (c)    Experts (as defined in this Order) of the Receiving Party to

8  whom disclosure is reasonably necessary for this Action and who have

9  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10      (d)    the court and its personnel;

11      (e)    court reporters and their staff;

12      (f)    professional jury or trial consultants, mock jurors, and

13  Professional Vendors to whom disclosure is reasonably necessary for this

14  Action and who have signed the "Acknowledgment and Agreement to Be

15  Bound" (Exhibit A);

16      (g)    the author or recipient of a document containing the information

17  or a custodian or other person who otherwise possessed or knew the

18  information;

19      (h)    during their depositions, witnesses, who authored or received

20  the "HIGHLY CONFIDENTIAL" information or tangible things, and

21  attorneys for such witnesses, in the Action to whom disclosure is reasonably

22  necessary provided: (1) the deposing party requests that the witness sign the

23  form attached as Exhibit A hereto; and (2) they will only be permitted to

24  keep such confidential information as part of the deposition transcript but

25  must limit disclosure per the terms of this Stipulated Protective Order. Pages

26  of transcribed deposition testimony or exhibits to depositions that reveal

27  Protected Material may be separately bound by the court reporter and may

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1    not be disclosed to anyone except as permitted under this Stipulated

2    Protective Order; and

3          (i)    any mediator or settlement officer, and their supporting

4    personnel, mutually agreed upon by any of the parties engaged in settlement

5    discussions.

6  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

7  **PRODUCED IN OTHER LITIGATION**

8          If a Party is served with a subpoena or a court order issued in other litigation

9    that compels disclosure of any information or items designated in this Action as

10   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

11         (a)    promptly notify in writing the Designating Party. Such

12   notification shall include a copy of the subpoena or court order;

13         (b)    promptly notify in writing the party who caused the subpoena or

14   order to issue in the other litigation that some or all of the material covered

15   by the subpoena or order is subject to this Protective Order. Such notification

16   shall include a copy of this Stipulated Protective Order; and

17         (c)    cooperate with respect to all reasonable procedures sought to be

18   pursued by the Designating Party whose Protected Material may be affected.

19         If the Designating Party timely seeks a protective order, the Party served with

20   the subpoena or court order shall not produce any information designated in this

21   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a

22   determination by the court from which the subpoena or order issued, unless the

23   Party has obtained the Designating Party's permission. The Designating Party shall

24   bear the burden and expense of seeking protection in that court of its confidential

25   material.

26   ///

27   ///

28   ///

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

**9.** **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1    contrary, the Non-Party shall bear the burden and expense of seeking

2    protection in this court of its Protected Material.

3    **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5    Protected Material to any person or in any circumstance not authorized under this

6    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

7    writing the Designating Party of the unauthorized disclosures, (b) use its best

8    efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

9    person or persons to whom unauthorized disclosures were made of all the terms of

10   this Order, and (d) request such person or persons to execute the "Acknowledgment

11   and Agreement to Be Bound" that is attached hereto as Exhibit A.

12   **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

13   **PROTECTED MATERIAL**

14        When a Producing Party gives notice to Receiving Parties that certain

15   inadvertently produced material is subject to a claim of privilege or other protection,

16   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

17   Procedure 26(b)(5)(B). This provision is not intended to modify whatever

18   procedure may be established in an e-discovery order that provides for production

19   without prior privilege review.

20   **12.    MISCELLANEOUS**

21        12.1   Right to Further Relief. Nothing in this Order abridges the right of any

22   person to seek its modification by the Court in the future.

23        12.2   Right to Assert Other Objections. By stipulating to the entry of this

24   Protective Order no Party waives any right it otherwise would have to object to

25   disclosing or producing any information or item on any ground not addressed in

26   this Stipulated Protective Order. Similarly, no Party waives any right to object on

27   any ground to use in evidence of any of the material covered by this Protective

28   Order.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1  　　　12.3  <u>Filing Protected Material</u>. A Party that seeks to file under seal any

2  Protected Material must comply with Civil Local Rule 79-5. Protected Material

3  may only be filed under seal pursuant to a court order authorizing the sealing of the

4  specific Protected Material at issue. If a Party's request to file Protected Material

5  under seal is denied by the court, then the Receiving Party may file the information

6  in the public record unless otherwise instructed by the court.

7  **13.　FINAL DISPOSITION**

8  　　　After the final disposition of this Action, as defined in paragraph 4, within 60

9  days of a written request by the Designating Party, each Receiving Party must

10  return all Protected Material to the Producing Party or destroy such material. As

11  used in this subdivision, "all Protected Material" includes all copies, abstracts,

12  compilations, summaries, and any other format reproducing or capturing any of the

13  Protected Material. Whether the Protected Material is returned or destroyed, the

14  Receiving Party must submit a written certification to the Producing Party (and, if

15  not the same person or entity, to the Designating Party) by the 60 day deadline that

16  (1) identifies (by category, where appropriate) all the Protected Material that was

17  returned or destroyed and (2) affirms that the Receiving Party has not retained any

18  copies, abstracts, compilations, summaries or any other format reproducing or

19  capturing any of the Protected Material. Notwithstanding this provision, Counsel

20  are entitled to retain an archival copy of all pleadings, motion papers, trial,

21  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

22  and trial exhibits, expert reports, attorney work product, and consultant and expert

23  work product, even if such materials contain Protected Material. Any such archival

24  ///

25  ///

26  ///

27  ///

28  ///

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1  copies that contain or constitute Protected Material remain subject to this Protective

2  Order as set forth in Section 4 (DURATION).

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5

6  Dated:  September 15, 2015          WAGNER, ANDERSON & BRIGHT, PC

7

8                                      /s/     *Patrick F. Bright*
                                       Patrick F. Bright
                                       Attorneys for Plaintiff
9                                      MEGA DISTRIBUTION INT'L, INC.

10 Dated:  September 15, 2015          CROWELL & MORING LLP

11

12                                     /s/     *Jennifer S. Romano*
                                       Jennifer Salzman Romano
13                                     Laura Schwartz
                                       Attorneys for Defendant
14                                     MATTOON RURAL KING SUPPLY, INC

15                             **ATTESTATION**

16     Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that

17 concurrence in the filing of this document has been obtained from the other

18 signatories.

19 Dated:  September 15, 2015          /s/     *Jennifer S. Romano*
                                       Jennifer S. Romano
20

21

22 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

23 DATED: September 17, 2015

24 _Patrick J. Walsh_ (signature)

25 _____

26 Patrick J. Walsh

27 United States Magistrate Judge

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

                              -14-          STIPULATED PROTECTIVE ORDER;
                                            CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-15-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on September 10, 2015 in the case of *Mega Distribution Int'l, Inc. v. Mattoon Rural

King Supply, Inc., et al.*, Case No.: 2:15-CV-03639-DMG-PJW. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order. I further agree to submit to the jurisdiction of the United

States District Court for the Central District of California for the purpose of

enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action. I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

STIPULATED PROTECTIVE ORDER;
CASE NO. 2:15-CV-03639-DMG-PJW

LAACTIVE-601960759.1